UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| YUL CASHMAN, | Case No.: 2:10-cv-01852-RLH-GWF |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Remand–#27; Motion for Summary Judgment–#32) |
| COLORADO CASUALTY INSURANCE COMPANY, a Massachusetts Corporation, DOES I through X, | |
| Defendants. | |

   Before the Court is Plaintiff Yul Cashman's **Motion to Remand** (#27, filed Nov. 11, 2011) based on a failure of the amount in controversy.  The Court has also considered Defendant Colorado Casualty Insurance Company's Opposition (#30, filed Dec. 8), and Cashman's Reply (#31, filed Dec. 8).

   Also before the Court is Colorado Casual's **Motion for Summary Judgment** (#32, filed Dec. 21).  The Court has also considered Cashman's Opposition (#33, filed Jan. 13, 2012), and Colorado Casualty's Reply (filed Jan. 23).

   To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing

1

AO 72
(Rev. 8/82)

1   parties and (2) an amount in controversy exceeding $75,000.  28 U.S.C. § 1332(a).  Where a
2   defendant removes a plaintiff's state action on the basis of diversity jurisdiction, the defendant
3   must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the
4   plaintiff seeks in excess of $75,000, or (2) prove, by a preponderance of the evidence, that the
5   amount in controversy meets the jurisdictional limit.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115
6   (9th Cir. 2004).  In considering what evidence may be considered under (2) above, the Ninth
7   Circuit has adopted the "practice of considering facts presented in the removal petition as well as
8   any 'summary-judgement-type evidence relevant to the amount in controversy at the time of
9   removal.'"  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)
10  (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997)).  For
11  jurisdictional purposes, the amount in controversy is determined by the amount at stake in the
12  underlying litigation.  *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005).
13  In determining the amount in controversy, a district court may consider the amount of
14  compensatory and punitive damages recoverable based on plaintiff's complaint as well as attorney
15  fees, but may not consider interest and cost of suit.  *Meisel v. Allstate Indem. Co.*, 357 F.Supp.2d
16  1222, 1225 (citing *Hunt v. Wash. State Apple. Adver. Comm'n*, 432 U.S. 333, 347–48 (1977)).

17            Here, neither party presents the Court with good arguments as to why the Court
18  should either remand or keep this case.  Cashman's argument seems to be that Colorado Casualty
19  denies liability and, therefore, believes the amount in controversy is zero dollars, less than the
20  jurisdictional minimum.  This is ludicrous.  Colorado Casualty, on the other hand, seems to argue
21  that Cashman's request for punitive damages necessarily meets the amount in controversy
22  requirement because Nevada law would allow for punitive damages that exceed the threshold.
23  This is insufficient.  Rather, Colorado Casualty would have to provide some basis for what the
24  punitive damages would likely be if awarded.

25            Even though neither party has presented compelling arguments to the Court, the
26  Court must nonetheless rule on the motion.  Thus, the Court reviews the complaint and finds that

AO 72
(Rev. 8/82)

the amount in controversy requirement has not been met and remands this case to State Court. As such, the Court will not address the motion for summary judgment but defers its ruling for the State Court.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Cashman's Motion to Remand (#27) is GRANTED. The Clerk of the Court is order to remand this case to the State Court from which it originated.

Dated: March 9, 2012.

_____
**ROGER L. HUNT**
**United States District Judge**